# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ICR, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>KENDRA SCOTT DESIGN, INC.,<br><br>        Defendant. | Docket No. 3:24-cv-01867 |

## NOTICE OF REMOVAL

Defendant KENDRA SCOTT DESIGN, INCORPORATED (hereinafter "KSD" or "Defendant"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Superior Court for the Judicial District of Fairfield, at Bridgeport, styled *ICR, LLC v. Kendra Scott Design, Inc.*, where Plaintiff filed suit against KSD, and further states:

## TIMELY NOTICE OF REMOVAL

1. On October 24, 2024, Plaintiff filed a Complaint against KSD in the Superior Court for the Judicial District of Fairfield, at Bridgeport, Connecticut.

2. On the same day, KSD was served with a Summons and copy of the Complaint in connection with the state action.

3. As of November 25, 2024, Plaintiff has not filed the Return of Service or the Summons and Complaint with the Superior Court. As such, a case number has not yet been assigned to Plaintiff's Superior Court action.

4. Removal is timely because KSD filed this notice within thirty days of Plaintiff's October 24, 2024 service of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

1

## PLAINTIFF'S CLAIMS

5. Plaintiffs' Complaint asserts that KSD breached a Consulting Agreement between the Parties. Alternatively, Plaintiff's Complaint also asserts claims for breach of implied contract, unjust enrichment, and quantum meruit. Plaintiff's Complaint filed in the state court is attached hereto as Exhibit A. Defendant denies the allegations in the Complaint. While the Complaint does not assert a value of the matter in controversy, it incorporates by reference Plaintiff's Notice of Default to KSD, which demands $154,770.06. (*See* Compl. ¶ 10; *see also* Ex. B.)

6. Plaintiff's Complaint and the documents it incorporates by reference establish (i) that the amount in controversy will exceed $75,000.00, and (ii) that diversity of citizenship exists between the Parties.

7. Therefore, pursuant to 28 U.S.C. §§ 1441 and 1446, KSD timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of KSD's receipt through service of a pleading or other paper in which KSD could ascertain that the case is removable.

## VENUE

8. Venue is proper in the United States District Court for the District of Connecticut because the state court action originated in Fairfield County, Connecticut.

## JURISDICTION

9. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, KSD is entitled to remove this action pursuant to 28 U.S.C. § 1441.

**COMPLETE DIVERSITY EXISTS**

10. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's actions, *i.e*., its 'nerve center[.]'").

11. KSD is, and was at the time Plaintiffs' Complaint was filed in Connecticut state court, a corporation formed under the laws of the State of Delaware with its principal place of business in Austin, Texas.

12. "For purposes of diversity jurisdiction, a limited liability company has the citizenship of its members." *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021).

13. The Complaint provides that Plaintiff is "a Connecticut limited liability" company. (Compl. ¶ 1).

14. Upon information and belief, Plaintiff's members are also citizens of Connecticut (or, in the least, none of Plaintiff's members are citizens of Delaware or Texas).

15. Therefore, complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a).

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

16. Plaintiff's Complaint and the documents it incorporates by reference demand $154,770.06. (Ex. B.)

17. Accordingly, the amount in controversy between Plaintiff and KSD for alleged damages related to the allegations contained in the Complaint exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction.

## **THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

18. Removal is timely because KSD filed this notice within thirty days of Plaintiff's October 24, 2024 service of the Complaint. *See* 28 U.S.C. § 1446(b)(1).

19. Removal to this Court is proper because the United States District Court for the District of Connecticut embraces the location where the State Court Action was commenced and pending—Fairfield County, Connecticut. *See* 28 U.S.C. §§ 86, 1446(a).

20. KSD submits with this notice a copy of all process, pleadings, and orders served upon it in this action as Exhibit C. *See* 28 U.S.C. § 1446(a).

21. Accordingly, this action is removable because the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), given that there is complete diversity between the parties and Plaintiff's individual claim exceeds $75,000.

## **COMPLIANCE WITH 28 U.S.C. § 1446**

22. Pursuant to 28 U.S.C. § 1446(d), KSD provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of the Superior Court for the Judicial District of Fairfield, at Bridgeport, Connecticut. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.

## **NON-WAIVER**

23. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction, the time within which to remove will not have begun to run and KSD reserves the right to remove this action at a later time.

24. KSD does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted under Rules 4 and 12 of the Federal Rules of Civil Procedure.

**WHEREFORE,** Kendra Scott Design, Incorporated requests that this Court exercise jurisdiction over this matter.

Dated: New York, New York
November 25, 2024

**KELLEY DRYE & WARREN LLP**

By:  /s/ *Elizabeth N. Krasnow*
Elizabeth N. Krasnow
Geoffrey C. Castello*
Kelley Drye & Warren LLP
201 Broad Street
Stamford, Connecticut
Tel.: (203) 324-1400
ekrasnow@kelleydrye.com
gcastello@kelleydrye.com
**Pro Hac Vice* forthcoming

*Attorneys for Defendant Kendra Scott Design, Inc.*

## **CERTIFICATE OF SERVICE**

I, Elizabeth N. Krasnow, hereby certify that the foregoing was served on all parties of record by mail on November 25, 2024, to:

>Joseph P. Sargent, Esq.
>1595 Black Rock Turnpike
>Fairfield, Connecticut 06824

>/s/*Elizabeth N. Krasnow*
>Elizabeth N. Krasnow
>*Attorney for Defendant*