UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ICR LLC,** <br>     **Plaintiff,** <br> <br> v. <br> <br> **Kendra Scott Design, Inc.** <br>     **Defendant** | : <br> : <br> :    CIVIL ACTION NO 3:24-cv-01867-KAD <br> : <br> : <br> : <br> :    January 30, 2025 |

### AMENDED COMPLAINT AS OF RIGHT

**Count One (Breach of Contract)**

1. The Plaintiff, ICR, LLC ("ICR"), is a Connecticut limited liability.

2. The Defendant, Kendra Scott Design Inc. ("Defendant"), is a foreign corporation with an office address of 3800 N. Lamar BLVD, Austin TX 78756.

3. Defendant's agent for service of process is CT CORPORATION SYSTEM, 67 BURNSIDE AVE, EAST HARTFORD.

4. ICR and Defendant entered into a written Consulting Agreement, commencing on February 16, 2022..

5. Article III of the Consulting Agreement describes the "Services" ICR agreed to perform for Defendant.

6. Article IV of the Consulting Agreement describes the "Compensation" that the Defendant agreed to pay ICR in exchange for the Services.

7. Article V of the Consulting Agreement describes the "Payment" obligations of the Defendant.

1

8. ICR and Defendant entered into a First Addendum to the Consulting Agreement dated as of September 1, 2022, which the parties agreed "shall supplement and modify that certain Consulting Agreement."

9. Article II of the First Addendum describes the "Services" ICR agreed to provide to the Defendant.

10. Article III of the First Addendum describes the "Compensation" that the Defendant agreed to pay ICR in exchange for the Services. ICR and Defendant entered into a Second Addendum to the Consulting Agreement effective as of April 15, 2023, which the parties agreed "shall supplement and modify that certain Consulting Agreement."

11. Article II of the Second Addendum describes the "Services" that ICR agreed to provide to the Defendant.

12. Article III of the Second Addendum describes the "Compensation" that the Defendant agreed to pay ICR in exchange for the Services.

13. The Consulting Agreement, First Addendum, and Second Addendum are collectively referred to as the "Agreements."

14. ICR substantially performed or tendered performance of the Services for the benefit of the Defendant as called for by the Agreements.

15. Defendant materially breached the Consulting Agreement by failing to fulfil its obligations to make "Payment" and "Compensation" to ICR in exchange for the services as required by Agreements.

16. On or about June 26, 2024, ICR provided Defendant with a notice of the default and provided them with an opportunity to cure.

17. The Defendants did not cure the breach in a timely manner and the compensation owed by the Defendant has not been paid been paid.

18. As a result of the Defendant's breach of the Agreements, ICR suffered damages, losses, and harm.

**Count Two (Breach of Implied Contract)**

Paragraphs 1 through 18 of Count One are realleged as paragraphs 1 through 18 of this Count Two.

19. To the extent that an express contract was not created for any reason, ICR and Defendant's conduct constitute an implied contract with respect to ICR providing Defendant with services in exchange for compensation.

20. ICR and the Defendant had a meeting of the minds and a mutual agreement that ICR would provide services to Defendant and Defendant would pay ICR for their services.

21. ICR fulfilled their obligations and provided services for the benefit of Defendant under this implied contract indicating that they expected to be paid for the services.

22. Defendant knew that ICR intended to be paid for the consulting services, and by their words and conduct acknowledged that they knew ICR intended to be paid for the services and Defendant acknowledged these obligations.

23. Defendant breached the implied contract by failing to pay consideration in exchange for the services.

24. As a result of the breach of the implied contract, ICR suffered damages, harm, and losses.

**Count Three (Unjust Enrichment)**

Paragraphs 1 through 24 of Count Two are realleged as paragraphs 1 through 24 of Count Three.

25. Defendant benefited by their use of services provided by ICR.

26. Defendant unjustly did not pay ICR for services ICR provided.

27. The failure of Defendant to pay for services was to ICR's detriment.

**Count Four (Quantum Meruit)**

Paragraphs 1 through 27 of Count Three are realleged as paragraphs 1 through 27 of Count Four.

28. Defendant enjoyed the use of the services provided by ICR.

29. Defendant knowingly used the services and enjoyed the benefit, and it would be unjust and inequitable for Defendant not to pay ICR for the value of the services they received.

30. It would be inequitable and unjust for Defendant to enjoy the value provided by the services, without paying ICR consideration for the same.

*Wherefore* the Plaintiffs seek the following relief:

a) money damages, including pre-and post-judgment interest;

b) reasonable attorney's fees and costs, as well as interest provided for under the Agreements and/or state law;

c) prejudgment and post-judgment interest; and

d) such other relief as the court deems just and equitable.

By: ICR, LLC


*/s/ Joe Sargent*_____
Joseph P. Sargent
CT 17779
1595 Black Rock Turnpike
Fairfield CT 06824
T(203) 273-6730
F(203) 659-7360
 jps@sargentlaw.net

I hereby certify that on January 30, 2025, the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system.

*/s/Joe Sargent*
Joseph P. Sargent